Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

__United States_____ District of Oregon

Portland Division

AKA Truly Luvn Ray

Jennifer Lynn Huerta )
)
*Plaintiff(s)* )
(Write the full name of each plaintiff who is filing this complaint. )
If the names of all the plaintiffs cannot fit in the space above, )
please write "see attached" in the space and attach an additional )
page with the full list of names.) )
)
-v- )
)
Governor Tina Kotek (CCCF) )
Oregon Dept of Corrections )
)
*Defendant(s)* )
(Write the full name of each defendant who is being sued. If the )
names of all the defendants cannot fit in the space above, please )
write "see attached" in the space and attach an additional page )
with the full list of names. Do not include addresses here.) )

Case No.  3:26-Cv-1232 JR

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑Yes  ☐No

FILED 18 JUN '26 13:29 USDC-ORP

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jennifer Lynnn Huerta (AKA) Truly Luvn Ray |
| Address | 12809 SE Stark ST |

| | | |
|---|---|---|
| Portland | OR | 97233 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Multnomah |
| Telephone Number | 719 292 2682 |
| E-Mail Address | luvnjesus100@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Governor Tina Kotek, in her official and individual capacity |
| Job or Title *(if known)* | |
| Address | 900 Court Street, Suite 254900 Court Street, Suite 254 |

| | | |
|---|---|---|
| Salem | OR | 97301 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Marion |
| Telephone Number | 503 378 4582 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Orgon Department of Corrections |
| Job or Title *(if known)* | Coffee Creek Correctional Facility |
| Address | 24499 SW Grahams Ferry Rd |

| | | |
|---|---|---|
| Wilsonville | OR | 97301 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Washington |
| Telephone Number | (503) 570-6400 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 3
  Name _____
  Job or Title *(if known)* _____
  Address _____
  _____
  | City | State | Zip Code |

  County _____
  Telephone Number _____
  E-Mail Address *(if known)* _____

  ☐ Individual capacity    ☐ Official capacity

Defendant No. 4
  Name _____
  Job or Title *(if known)* _____
  Address _____
  _____
  | City | State | Zip Code |

  County _____
  Telephone Number _____
  E-Mail Address *(if known)* _____

  ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Tina Kotek And Departent of Corrections

This is an action pursuant to 42 U.S.C. § 1983 against state officials and state agencies for violation of my rights under the Fourteenth Amendment (due process) and Eighth Amendment (cruel and unusual punishment), as well as other constitutional rights

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Coffee Creek Correctional Facility
24499 SW Grahams Ferry Rd
Wilsonville,, or 97070

B.    What date and approximate time did the events giving rise to your claim(s) occur?

From my original release date 02 10 2024 until my Habeas hearing on May 29th, 2024 when the Judge ordered my immediate release

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On February 10, 2024, I was scheduled to be released from Oregon Department of Corrections custody. However, per an executive order from the Governor and with the involvement of the Department of Corrections, I was unlawfully detained until May 29, 2024. During this period, I exhausted all available administrative remedies. On May 29, 2024, the Circuit Court of Washington County, Case No. 24CV07477, granted my habeas corpus petition and found my detention unlawful, ordering my immediate release. The State did not appeal.

Subsequently, in my Oregon Tort Claims Act lawsuit, the State's request for immunity was denied, establishing their liability and allowing my damages case to proceed—the State may not argue they are immune from responsibility.

At all times, the Defendants acted under color of state law and caused my deprivation of liberty, opportunity, and safety

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a direct result of this unlawful detention, I have suffered and continue to suffer:

• Emotional and psychological trauma, including a relapse after over three years in recovery, anxiety, depression, and mistrust of others;

• Loss of trust and relationship with my children, leading to estrangement and persistent family distress;

• Loss of a previously arranged, paid educational opportunity and delayed career advancement;

• Escalation of identity theft, leading to significant financial losses, compromised credit, and loss of my business/LLC;

• Loss of inheritance from my mother's passing while I was detained;

• Financial devastation from missed rent, risk of eviction, and loss of personal property;

• Loss of independence, with ongoing need for support from friends;

• Lifelong trauma, ongoing mistrust, and inability to rebuild stability.

A true and correct copy of the May 29, 2024 habeas judgment is attached as Exhibit A.
A copy of the order denying the State's immunity is attached as Exhibit B.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

WHEREFORE, I respectfully request:

• Compensatory damages in an amount to be determined at trial for all economic and non-economic harm;

• Punitive damages as allowed by law;

• Injunctive or declaratory relief as appropriate;

• Costs, fees, and any other relief the Court deems just.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    6/17/2024

Signature of Plaintiff

Printed Name of Plaintiff    Jennifer Lynn Huerta    AKA Truly Rey

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

| City | State | Zip Code |
|------|-------|----------|

Telephone Number    _____

E-mail Address    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Coffee Creek Correctional Facility_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes    Some- the bottom line yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

At the prison. The minute I was informed that my release date changed & why. I also filed a Habeas Corpus

2.    What did you claim in your grievance?

That the prison had no right to keep me past my release date.

3.    What was the result, if any?

They continually claimed it wasn't them, it was ordered by the Gov. Kotek

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Yes, I appealed and continued to complain about this, and I did beyond exhausting remedies.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:



N/A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



I grieved & appealed to the highest level and did tons of legal research to help my attorney

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* I dont have copies of these anymore - but DAS must have them

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.



N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s)    Myself (Jennifer Huerta) *AKA Truly Ray*
      Defendant(s)    State of Oregon TORT

2.    Court *(if federal court, name the district; if state court, name the county and State)*
      Washington County State Court Circuit Court

3.    Docket or index number
      25 CV 08750

4.    Name of Judge assigned to your case
      Hafez Daraee ( See exhibit ① )

5.    Approximate date of filing lawsuit
      10/24/2024

6.    Is the case still pending?
      ☑ Yes   Awaiting the damages portion

      ☐ No

      If no, give the approximate date of disposition.   (last) Next hearing (July 14th)

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*   None of the facts are in dispute - she denied the states motion for immunity - I won just have not been to the damages portion yet.

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   Only grievances - Many of them

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.  Parties to the previous lawsuit

        Plaintiff(s)  _____

        Defendant(s)  _____

    2.  Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.  Docket or index number

        _____

    4.  Name of Judge assigned to your case

        _____

    5.  Approximate date of filing lawsuit

        _____

    6.  Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition  _____

    7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff    Jennifer Huerta

Prison Identification #    116003592

Prison Address    N/A

City            State        Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City            State        Zip Code

Telephone Number

E-mail Address

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| RAY, TRULY LUVN | Case No. 24CV07477 |
| Plaintiff, | **HABEAS CORPUS** |
| v. | **GENERAL JUDGMENT** |
| NICOHLE BROWN, Superintendent, Coffee Creek Correctional Facility. | |
| Defendant. | |

THIS MATTER came before the Court for hearing on May 29, 2024. The Court, having considered the filings and oral arguments of all parties;

NOW, THEREFORE, IT IS ADJUDGED as follows:

1. Plaintiff, Truly Luvn Ray's Writ of Habeas Corpus is GRANTED and she shall be released from Defendant's custody immediately.

2. Plaintiff, as prevailing party, is entitled to her costs and disbursements incurred herein, which shall be determined pursuant to ORCP 68 and addressed in a supplemental judgment.

5/29/2024 2:02:09 PM

Circuit Court Judge, Brandon Thompson

SUBMITTED BY:
Brandon M. Kammer, OSB 154584
bmk@kammerlawfirm.com
Attorney for Plaintiff

Page 1 – **GENERAL JUDGMENT**

KAMMER LAW FIRM, LLC
205 Oak St, Ste 5
Hood River, OR 97031
Telephone: (971) 800-0599
Email: bmk@kammerlawfirm.com

CERTIFICATE OF READINESS

This General Judgment is ready for judicial signature because:

- Each opposing party affected by this General Judgment has approved the General Judgment, as shown by signature on the documents being submitted or by written confirmation of approval sent to me.

Dated: May 29, 2024.

/s/ Brandon M. Kammer
Brandon M. Kammer, OSB No. 154584
Attorney for Plaintiff

Page 2 – **GENERAL JUDGMENT**

KAMMER LAW FIRM, LLC
205 Oak St, Ste 5
Hood River, OR 97031
Telephone: (971) 800-0599
Email: bmk@kammerlawfirm.com

Exhibit A

HAFEZ DARAEE
Circuit Court Judge

Verified Correct Copy of Original 4/16/2026.

Phone: 503.846.8888 Ext. 70861



25CV08750
OPLE
Opinion – Letter
20102640

**WASHINGTON COUNTY CIRCUIT COURT**
Oregon Judicial Department

April 16, 2026

Mr. Brandon M. Kammer
KAMMER LAW FIRM, LLC
205 Oak Street, Suite 5
Hood River, OR 97031

Mr. Sean Kallery
Ms. Natalie M. Fisher
Oreogn Department of Justice
1162 Court Street, NE
Salem, OR 97301-4096

> Re:    *Jennifer Huerta v. The State of Oregon*
> Wash. Co. Cir. Ct., Case No. 25CV08750

Dear Counsel:

The above matter came before me on the parties' cross motions for Summary Judgment. After reviewing the parties' pleadings, the Court's file, and taking judicial notice of the previous rulings between the parties, the Court's decision on the pending motions is as follows:

### 1.    Factual Background

Most of the facts relevant to the various cross motions are not in dispute.

On January 4, 2017, Jennifer Lynn Coffman[1] was arraigned on various charges in Clackamas County under case number 17CR00597. The charges against Ms. Coffman ranged from Identity Theft to Possession of Methamphetamines. On March 31, 2017, Ms. Coffman pleaded guilty to six counts of Identity Theft, in exchange for the dismissal of the other charges against her. Judge Katherine Webber initially sentenced Ms. Coffman to 80-months[2] in the custody of the Oregon Department of Corrections ("DOC") with programing ("AIPs") applying *after* she had served 40 months. Ms. Coffman was remanded into custody on March 31, 2017, and, presumably, began serving her DOC sentence in April 2017. On March 20, 2019—almost exactly two years to the day after the initial judgment was signed—Judge Webber signed an Amended Judgment that reduced the total time in 17CR00519 from 80 months to 64 months.

---

[1] Plaintiff has used several names between 2017 and 2025. In 2017, Plaintiff went by Jennifer Lynn Coffman. In 2022, she used the name Jennifer Lynn Huerta. In 2024, she used the name Truly Luvn Ray. And, in 2025, she went back to Jennifer Huerta.

[2] See Judgment in 17CR00597 dated March 31, 2017.

*Huerta v. State of Oregon*
April 16, 2026
Page 2

The COVID-19 Pandemic was first identified in late 2019, albeit not identified as a pandemic until sometime in early 2020. My mid-March, 2020, most states in the US were subject to various "shelter in place" orders. In Oregon, Governor Kate Brown issued Executive Order 20-03 on March 8, 2020. That Executive Order declared a state of emergency and implemented Oregon's version of a "Shelter in Place" order.

By the summer of 2020, COVID-19 had fully engulphed all states, regardless of whether a "Shelter in Place" order had been issued by that State. To help alleviate the COVID-19 health impact on DOC, Governor Brown asked DOC to identify individuals in custody who were especially vulnerable to COVID-19, who were not serving a "person crime", who had served at least 50% of their sentence, who had exhibited good conduct for the previous 12-months, who did not pose a particular risk to the public and who had health issues that made them especially vulnerable to this disease. The "release criteria" were to be used to identify various AICs who would be presented with a "Conditional and Revocable Commutation of Sentence."[3]

Ms. Huerta accepted Governor Brown's commutation, sometime on or after December 30, 2020. Based on her acceptance of that commutation, Ms. Huerta was released from DOC custody on January 7, 2021.[4] At the time of her release on January 7, 2021, Ms. Huerta had 211 days remaining on the balance of her 17CR00597 sentence.[5] Under the terms of the agreement, Ms. Huerta[6] was required to "not violate any laws".

Page two of Ex. 101 provides that for Ms. Huerta to retain her commutation, she must not violate any laws during the balance of the term of her 2017 conviction and post-prison supervision period. Based on paragraph 3 on page 2 of Ex. 101, the date when the balance of her 2017 conviction ended was calculated as August 7, 2022.

On or about April 21, 2022, Ms. Huerta was convicted in a new case in Clackamas County, under case no. 22CR06915. She was sentenced to 30 months in DOC custody. It is undisputed that this new conviction violated the terms of her 2020 commutation.

On November 9, 2023, while she was in DOC custody for the 22CV06915 case, Governor Kotek revoked Ms. Huerta's commutation based on her 2022 conviction. Based on that revocation, DOC notified Ms. Huerta that her original release date for her 2022 conviction was changed from February 10, 2024, to May 29, 2024—211 days later.

---

[3] *See* Ex. 101, attached to the Declaration of Natalie M. Fisher (*"Fisher Dec."*), filed in support of the State's Motion for Summary Judgment
[4] *See* ¶8, *pg. 3, Plaintiff's Replication* in *Truly Luvn Ray v. Nicohle Brown*, Wash. Cty. Cir. Ct., case no 24CV07477.
[5] *Id.*
[6] Plaintiff changed her name from Jennifer Lynn Coffman, the name under which she was convicted in 17CR00597 to Jennifer Lynn Huerta, the name under which she accepted the Conditional and Revocable Commutation of Sentence, in December 2020. *See Ex. 101.*

*Huerta v. State of Oregon*
April 16, 2026
Page 3

On May 1, 2024, Ms. Huerta, using the name Truly Luvn Ray, filed a Habeas case in Washington County.[7] In her Habeas case, Ms. Huerta argued that she only had 211 days left to serve in her 17CR00519 case, at the time she was released under the Commutation agreement. She goes on to argue that the 211 days became moot because when she was sentenced and returned to DOC custody in the 22CV06915 case. Although she concedes that her 2022 conviction was a violation of the terms of her commutation, she also argues that Gov. Brown should have revoked her commutation when she was convicted of the crimes in 22CV06915—in April 2022. Ms. Huerta goes on to contend that by the time her commutation was revoked—around November 9, 2023—she had already served 19 months in DOC custody for her new charges.

The Habeas case was argued before Judge Brandon Thompson who ultimately granted the writ and ordered Ms. Huerta released from custody immediately.[8]

### 2.    The Cross Motions for Summary Judgment

Summary Judgment is appropriate if the facts, taken in a light most favorable to the non-moving party, show that there are no genuine issues of material fact in dispute which entitles the moving party to a judgment as a matter of law.[9]

In its motion, the State argues that Summary Judgment is appropriate because the Oregon Tort Claims Act (ORS 30.265(6)(f)) provides immunity to the State. In response, Ms. Huerta argues that she is entitled to summary judgment because all the elements of wrongful imprisonment have been satisfied. Specifically, in support of the "Lawfulness" element, she argues that Judge Thompson's ruling in her Habeas case is preclusive in this case.

An issue is deemed preclusive if the following three requirements are met: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; and, (3) the party sought to be precluded was a party to, or in privity with a party to the prior proceeding.[10]

In the Habeas case (case no. 24CV07477), the central issue between the State and Ms. Huerta was her incarceration. In that case, Judge Thompson concluded that Ms. Huerta had been incarcerated for too long and ordered her immediate release. The State did not appeal that decision. The time to do so has now expired. For all intents and purposes, Judge Thompson's ruling is conclusive and preclusive. Based on Judge Thompson's ruling, this Court agrees with Ms. Huerta's position that the issue of lawfulness has been adjudicated and cannot be challenged now. As such, this Court agrees with Ms. Huerta's position as to the "Lawfulness" element of the wrongful imprisonment claim.

The more complicated question, however, is whether the Oregon Tort Claim Act provides immunity to DOC, thus precluding Ms. Huerta's claim in this case. In its motion, the State argues that Discretionary Authority Immunity and Apparent Authority Immunity apply to the actions taken by DOC.

---

[7] *Ray, Truly Luvn v. Nicohle Brown*, Wash. Co. Case No. 24CV07477.

[8] *See* Habeas Corpus General Judgment in 24CV07477.

[9] *See* ORCP 47; *Seeborg v. General Motors Corp.*, 284 Or 695 (1978).

[10] *Stuart Title Guarantee Co. v. State*, 272 Or App 138 (2015).

Huerta v. State of Oregon
April 16, 2026
Page 4

Verified Correct Copy of Original 4/16/2026.

### A.    Discretionary Function Immunity

ORS 30.265(6) provides that, "[e]very public body and its officers, employees and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

\*\*\*

(c)    Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

To avail itself of Discretionary Function Immunity, the State must satisfy a three-prong test: The firsts prong requires that, "the conduct must be the produce of an actual decision"[11]. The second prong requires that that, "the decision must be a policy decision."[12] And, the third prong requires that, "the decision must have been made by a government decision maker with the authority to make that type of policy decision."

It is undeniable that the first and third prongs of the test for Discretionary Function Immunity have been met. Indeed, there is no dispute that Ms. Huerta's release date was changed because of a choice and not an accident. It is also undeniable that Governor Kotek had the power and authority to revoke Ms. Huerta's conditional commutation of her 2017 sentence. The focus, therefore, is on the second element – whether the choice (decision) to revoke her commutation was based on a policy decision or on a day-to-day activity of the public official. In *McBride v. Magnuson*,[13] the Oregon Supreme Court stated that conduct is "discretionary" if the decision is the result of choice among competing consideration, made at the appropriate level of government. The Oregon Supreme Court has also held that the immunity of ORS 30.265(6)(c) does not extend to decisions made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action.[14]

Here, the decision to commute the sentence of certain adults in custody during the COVID-19 pandemic was most certainly a policy decision, as was the inclusion of language that allowed the Governor to revoke the commutation should the recipient violate the terms of that commutation. The process of reviewing whether someone who has received a commuted sentence has remained in good standing, however, falls within the description of "day-to-day activities." Assuring those who received a commutation remain compliant, is not a policy decision.

Based on the facts and the law applicable to this question, Discretionary Function Immunity does not apply to this case.

---

[11] *Robbins v. City of Medford*, 284 Or App 592, 597, (2017)
[12] *Turner v. Dept. of Transportation*, 359 Or 644, 652-53 (2016).
[13] 282 Or 433, 578 P2d 1259 (1978)
[14] *Lowrimore v. Dimmitt*, 310 Or 291, 296 (1990).

*Huerta v. State of Oregon*
April 16, 2026
Page 5

### B.    Apparent Authority Immunity

Apparent Authority Immunity is codified in ORS 30.265(6)(f) and provides that:

> "Any claim arising out of an act done or omitted under apparent
> authority of a law, resolution, rule or regulation that is unconstitutional,
> invalid or inapplicable except to the extent that they would have been
> liable had the law, resolution, rule or regulation been constitutional, valid
> and applicable, unless such act was done or omitted in bad faith or with
> malice."

The question presented by the State's argument here, turns on whether the actions taken by the DOC fall within authority of "a law, resolution, rule or regulation that is unconstitutional, invalid or inapplicable." The Court's conclusion is that DOC's actions are not protected by Apparent Authority Immunity.

Foremost, "Agreement Accepting Conditional and Revocable Commutation," is exactly that—an agreement between Ms. Huerta and Governor Brown. While the underlying authority for allowing such an agreement is certainly based on authority vested in the governor the genesis of which is the Oregon Constitution, the agreement itself, and its terms, are not. Additionally, there is no factual dispute that the conditional commutation agreement was something other than what it was – a conditional "agreement."

ORS 30.260(8) expressly excludes any duty arising out of a contract or quasi-contract from the protection of ORS 30.260 to 30.300. Again, there is no factual dispute or argument that the conditional commutation agreement is <u>not</u> a contract. On its face, therefore, this agreement is excluded from any of the immunity portions of the Oregon Tort Claims Act. This is the reason why Apparent Authority Immunity is not available to the State.

### 3.    Conclusion

Based on the totality of the legal and factual issues presented by the parties' motions, arguments and the Court's review of the pleadings, Plaintiff's Cross-Motions for Summary Judgment is GRANTED. Defendant's Motions for Summary Judgment are DENIED.

Mr. Kammer should prepare a simple Order consistent with my ruling.

Very Truly Yours,

Hafez Daraee
Circuit Court Judge

HD;tc



**DIRECTOR'S OFFICE**
Equity and Inclusion Division

Tina Kotek, Governor



September 19, 2024

Jennifer Lynn Huerta
9125 se Velma Ct
Happy Valley, OR 97086

421 SW Oak Street, Suite 750
Portland, OR 97204
971-673-1240
971-673-1128
http://www.oregon.gov/OHA/oei/

Dear Jennifer Lynn Huerta,

**Thank you for your application for a Traditional Health Worker (THW) certification. The Oregon Health Authority has made the following determinations:**

Your registry number is 112256. You have been approved for the following certifications, effective September 19, 2024 to September 19, 2027:

**Peer Wellness Specialist (PWS) - Adult Addictions & Adult Mental Health**

If you have any questions, please contact the Equity and Inclusion Division, Traditional Health Worker Program at thw.program@odhsoha.oregon.gov.

Thank you,

*Shelley Das*

Shelley Das
Equity & Policy Manager
Equity and Inclusion Division
Oregon Health Authority

# MHACBO

2099 Lloyd Center, Portland OR 97232

(503)231-8164

mhacbo@mhacbo.org

## Mental Health and Addiction Certification Board of Oregon
## Certification Verification

This certificate serves as a primary source verification of credentialing from the Mental Health and Addiction Counselor Certification Board of Oregon as of the close of business day before 9/25/2024

| | |
|---|---|
| **Certification Number:** | 24-CRM-3679 |
| **First Name:** | Jennifer |
| **Middle:** | Lynn |
| **Last Name:** | Huerta |
| **Certification Title:** | CRM |
| **Status:** | CERTIFIED MEMBER |
| **Active Status:** | ACTIVE |
| **First Certified/Registered:** | 9/19/2024 |
| **Last Certified:** | 9/19/2024 |
| **Expiration Date:** | 9/19/2026 |

## Disciplinary/Non-Disciplinary Information:

No disciplinary/non-disciplinary actions taken against this certification.

If you have questions about this information, please contact mhacbo@mhacbo.org

# Consent to Release Confidential Information


Portland
Community
College

## Instructions

1. Fill out completely. Missing information will delay the processing of your request.
2. Sign. Due to federal law, a signature is required; we are unable to accept typed signatures.
3. Submit. Scan or take a photo of your completed, signed form, and send it via email to enroll@pcc.edu or records@pcc.edu.

## FERPA Agreement:

Portland Community College must follow all applicable state and federal laws (FERPA) as well as rules/regulations that apply to student records.

All information contained in the college records which is personally identifiable to any student is kept confidential and not released except upon prior written consent of the student or upon the lawful subpoena or other order of a court of competent jurisdiction.

— This form is **only** to release information and does not give the right to act as a proxy for the student. —

☐ Update the student's record.

## Your information

| Huerta | Jennifer | Lynn | G02210213 |
|---|---|---|---|
| Last name | First name | Middle | Student ID (G#) / Last 4 of SSN |

807 SE 112th Ave

Street address — Or — 97216

Portland                State    Zip

City

jennifer.huerta1@pcc.edu

Email    ☐ Please release student record to personal email.

Previous names
Coffman/Hinkley

Date of birth
01/20/1974

Phone
7192922682

## Release information to: *(for more recipients, include on a separate sheet)*

Name: VR Counselor

Email:

Address: 305 NE 102nd Ave

City/State/Zip: Portland, Or 97220

Phone: (971) 673-5858    Fax:

Relationship: professional    Confidential code:

### Specific records to disclose:

☒ Enrollment Status  ☒ Student Finances
☒ Attendance        ☒ Course Schedule
☒ Grades            ☒ Financial Aid
☒ Academic          ☒ Academic
   Standing             Transcript
☒ Degree Status     ☒ Graduation Date

☐ Other:

**What is a confidential code?**
Allows continued access to the records indicated above. Created by the student. The code may be up to nine characters long. Unnecessary for single use.

## Purpose of release: *(check all that apply)*

☒ Employment    ☒ Deferment    ☒ Insurance    ☒ Interpreter
☒ Scholarship   ☒ Financial    ☒ Housing      ☒ Payment
☐ Other:

## Authorization

I hereby authorize PCC to release confidential information about me contained in the College's records. I agree to hold PCC and its employees harmless for any unauthorized use of my student records obtained by the above-named party. This release will be valid until a new form invalidates it or by removing permissions online via MyPCC.

X _____    Date 5/13/2025
Signature - Typed signatures not accepted

**PCC Enrollment Services & Student Records**
PO Box 19000, Portland, OR 97280 | enroll@pcc.edu | records@pcc.edu | 971-722-8888, opt 2 | Fax 971-722-7135    4/2024

 **Multnomah County**

# Mental Health Services

## Find a Provider

We can connect you to urgent mental health and crisis care, and to programs that help with serious mental health issues.

We also provide non-urgent mental health services for those on the Oregon Health Plan or no insurance.

**Oregon Health Plan or Medicaid**

Care Oregon Provider Directory (https://healthshare-bhplan-directory.com/)
503-416-4100 or toll-free 800-224-4840 customer service

Trillium Community Health Provider Directory (https://www.trilliumohp.com/find-a-provider.html)
877-600-5472, customer service

**No Insurance or Not Covered**

Call the Behavioral Health Call Center, 503-988-4888, to find out about low-cost services you might qualify for.

County Contracted Addiction Services Provider Agency List (http://multco.us/file/28775/download)
(158.37 KB)